


APR 2 1998

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BONUTTI RESEARCH, INC.<br>1303 West Evergreen Plaza<br>Effingham, Illinois 62401 | CASE NO. 5:98CV 771 |
| Plaintiff, | JUDGE JUDGE GWIN<br>MAG. JUDGE GALLAS |
| vs. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| HITACHI MEDICAL SYSTEMS AMERICA, INC.<br>1963 Case Parkway<br>Twinsburg, Ohio 44087 | (Jury Demand Endorsed Hereon) |
| Defendant. | |

Plaintiff Bonutti Research, Inc. ("BRI") states the following as its causes of action against Defendant Hitachi Medical Systems America, Inc. ("Hitachi"):

## PARTIES

1. BRI, formerly known as Apogee Medical Products, Inc., is an Delaware corporation with its principal place of business at 1303 West Evergreen Plaza, Effingham, Illinois 62401.

2. Hitachi is an Delaware corporation, licensed to do business in Ohio, with an address at 1963 Case Parkway, Twinsburg, Ohio 44087.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over all Counts of the Complaint pursuant to 28 U.S.C. §§ 1331 and 1338, as such Counts arise under the laws of the United States, specifically 35 U.S.C. §§ 271 *et seq.* (the "Patent Act"), which is an Act of Congress relating to patents.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 and in the Eastern Division pursuant to Local Rule 2:1.2.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Peter M. Bonutti, M.D., is the inventor and assignor of the following United States patents, which are described in more detail below: No. 5,329,924; No. 5,343,580; No. 5,349,956; No. 5,542,423; No. 5,562,094; No. 5,577,503; and No. 5,640,958.

6. On or about March 21, 1994, Hitachi induced BRI to disclose proprietary designs for imaging devices to Hitachi on a confidential basis.

7. After March 21, 1994, Hitachi began manufacturing, using and/or selling imaging devices which included features of the proprietary designs disclosed to Hitachi by BRI.

8. The proprietary designs disclosed to Hitachi by BRI are covered by the United States patents listed above and described in more detail below.

9. The proprietary designs disclosed to Hitachi by BRI, which are covered by the United States patents listed above and described in more detail below, are generally directed toward methods and devices used to image moving joints ("Joint Imaging Devices") in a magnetic resonance imaging unit ("MRI Unit"). For example, one such device, illustrated in Figure 14 of United States Patent No. 5,329,924, a copy of which is attached hereto as Exhibit A, firmly holds a patient's lower leg while

permitting the patient to bend his knee back and forth during imaging, so that a magnetic resonance image can be taken of the knee joint in various positions while it is moving.

10. Hitachi manufactures and sells MRI Units. Hitachi's MRI Units are designed specifically to permit use of Joint Imaging Devices by, among other things, having increased patient space within the MRI Unit to allow for the flexing and bending of joints while being imaged. Hitachi promotes the ability to use the Joint Imaging Devices as a significant benefit of Hitachi's MRI Units; in fact, on information and belief, Hitachi sells the Joint Imaging Devices and certain, if not all, of its MRI Units together as a single package.

11. By using the Joint Imaging Devices to facilitate sales of its MRI Units, Hitachi derives significant profits as a direct and proximate result of its manufacture, use and/or sale of Joint Imaging Devices which infringe BRI's patents as set forth in detail below.

12. Upon information and belief, when Hitachi sells an MRI Unit, which usually if not always is sold as a package with Joint Imaging Devices, Hitachi also enters into a servicing contract with the buyer under which Hitachi agrees to repair the MRI Unit and the Joint Imaging Devices. Among its other infringing activities, by servicing such MRI Units Hitachi contributes to and/or induces the infringement of BRI's patents by others.

**COUNT I**
**PATENT INFRINGEMENT**
**PATENT NO. 5,329,924**

13. BRI incorporates by reference the allegations set forth in Paragraphs 1 through 12 as though fully rewritten herein.

14. On July 19, 1994, United States Patent No. 5,329,924 was duly and legally issued to BRI for an invention entitled "Sequential Imaging Apparatus" (the "'924 Patent"). At all relevant times BRI is and was the owner, by way of assignment, of the entire right, title and interest to the

'924 Patent, including all rights to recover for all infringements of the '924 Patent. A copy of the '924 Patent is attached hereto as Exhibit A.

15. The '924 Patent is directed to a method for use in imaging joints. In particular, claims 1 and 2 of the '924 Patent are directed to a method of imaging a knee joint while moving a rotatable member and bending a knee joint. Claims 1 and 2 of the '924 Patent covers rotating the rotatable member about either a horizontal or a vertical axis.

16. Hitachi has been and is infringing the '924 Patent by manufacturing, using and/or selling MRI Units with imaging devices, and by manufacturing, using and/or selling imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by the '924 Patent, without the permission of or a license from BRI.

17. Hitachi also has been and is infringing the '924 Patent by contributing to and inducing infringement by others through purchases and sales of MRI Units with imaging devices and through the purchases and sales of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, and by contributing to and inducing infringement by others through servicing MRI Units with imaging devices and through servicing imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by the '924 Patent.

18. In particular, Hitachi has been and is infringing at least claims 1 and 2 of the '924 Patent by manufacturing, using and/or selling MRI Units with imaging devices and by manufacturing, using and/or selling imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices are sometimes referred to as "Joint Motion Alternative knee devices," without the permission of or a license from BRI.

19. Hitachi also has been and is infringing at least claims 1 and 2 of the '924 Patent by contributing to and inducing infringement by others through purchases and sales of MRI Units with imaging devices and through the purchases and sales of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, and by contributing to and inducing infringement by others by servicing MRI Units with imaging devices and by servicing imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by claims 1 and 2 of the '924 Patent.

20. Hitachi has known of the '924 Patent since as early as November 11, 1994. The infringement by Hitachi of the '924 Patent has been and is willful and in knowing disregard for BRI's rights under the '924 Patent.

21. Hitachi will continue to infringe the '924 Patent unless enjoined by this Court.

22. BRI has been and continues to be harmed by such infringement in an amount as yet undetermined.

**COUNT II**
**PATENT NO. 5,343,580**

23. BRI incorporates by reference the allegations set forth in Paragraphs 1 through 22 above as though fully rewritten herein.

24. On September 6, 1994, United States Patent No. 5,343,580 was duly and legally issued to BRI for an invention entitled "Indexing Assembly for Shoulder Imaging" (the "'580 Patent"). At all relevant times BRI is and was the owner of the entire right, title and interest to the '580 Patent, including all rights to recover for all infringements of the '580 Patent. A copy of the '580 Patent is attached hereto as Exhibit B.

25. The '580 Patent is directed toward an apparatus for use in imaging a patient's shoulder joint.

26. Hitachi has been and is infringing the '580 Patent by manufacturing, using and/or selling MRI Units with imaging devices and by manufacturing, using and/or selling imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by the '580 Patent, without the permission of or a license from BRI.

27. Hitachi also has been and is infringing the '580 Patent by contributing to and inducing the infringement by others through the purchases and sales of MRI Units with imaging devices and through the purchases and sales of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, and by contributing to and inducing the infringement by others through the servicing of MRI Units with imaging devices and through the servicing of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by the '580 Patent.

28. In particular, Hitachi has been and is infringing at least claims 6, 7 and 8 of the '580 Patent by manufacturing, using and/or selling MRI Units with imaging devices and by manufacturing, using and/or selling imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices are sometimes referred to as "Joint Motion Alternative shoulder devices," without the permission of or license from BRI.

29. Hitachi also has been and is infringing at least claims 6, 7 and 8 of the '580 Patent by contributing to and inducing the infringement by others through the purchases and sales of MRI Units with imaging devices and through the purchases and sales of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, and through the servicing of MRI Units with

imaging devices and through the servicing of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by claims 6, 7 and 8 of the '580 Patent.

30. Hitachi has known of the '580 Patent since as early as November 11, 1994. The infringement by Hitachi of the '580 Patent has been and is willful and in knowing disregard for BRI's rights under the '580 Patent.

31. Hitachi will continue to infringe the '580 Patent unless enjoined by this Court.

32. BRI has been and continues to be harmed by such infringement in an amount as yet undetermined.

**COUNT III**
**PATENT NO. 5,349,956**

33. BRI incorporates by reference the allegations set forth in Paragraphs 1 through 32 above as though fully rewritten herein.

34. On September 27, 1994, United States Patent No. 5,349,956 was duly and legally issued to BRI for an invention entitled "Apparatus and Method for Use in Medical Imaging" (the "'956 Patent"). At all relevant times BRI is and was the owner, by way of assignment, of the entire right, title and interest to the '956 Patent, including all rights to recover for all infringements of the '956 Patent. A copy of the '956 Patent is attached hereto as Exhibit C.

35. The '956 Patent covers both an apparatus and a method used to image body parts, such as joints. Certain claims cover the imaging of any joint in the human body, while other claims cover the imaging of specific joints, such as the shoulder, hip, or wrist.

36. Hitachi has been and is infringing the '956 Patent by manufacturing, using and/or selling MRI Units with imaging devices, and by manufacturing, using and/or selling and imaging

devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by the '956 Patent, without the permission of or a license from BRI.

37. Hitachi also has been and is infringing the '956 Patent by contributing to and inducing the infringement by others through the purchases and sales of MRI Units with imaging devices and through the purchases and sales of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, and by contributing to and inducing infringement by others through servicing MRI Units with imaging devices and through servicing imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by the '956 Patent.

38. In particular, Hitachi has been and is infringing at least claims 6-16, 18, 19, 21-26, 28-30, 32-37, 42-48, and 51-63 of the '956 Patent, which cover both the apparatus for and the method of imaging various joints in the human body. Hitachi has been and is infringing at least these claims by manufacturing, using and/or selling MRI Units with imaging devices and by manufacturing, using and/or selling imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices are sometimes referred to as "Joint Motion Alternative knee devices," "Joint Motion Alternative Cervical Spine Devices," "Joint Motion Alternative shoulder devices," "Joint Motion Alternative hip devices" and "Joint Motion Alternative wrist devices" without the permission of or a license from BRI.

39. Hitachi also has been and is infringing at least claims 6-16, 18, 19, 21-26, 28-30, 32-37, 42-48, and 51-63 of the '956 Patent by contributing to and inducing the infringement by others through the purchases and sales of MRI Units with imaging devices and through the purchases and sales of imaging devices, whether combined with an MRI Unit or as separate devices, in the the

United States, and by contributing to and inducing infringement by others through the servicing of MRI Units with imaging devices and through the servicing of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by claims 6-16, 18, 19, 21-26, 28-30, 32-37, 42-48, and 51-63 of the '956 Patent.

40. Hitachi will continue to infringe the '956 Patent unless enjoined by this Court.

41. Hitachi has known of the '956 Patent since as early as November 11, 1994. The infringement by Hitachi of the '956 Patent has been and is willful and in knowing disregard for BRI's rights under the '956 Patent.

42. BRI has been and continues to be harmed by such infringement in an amount as yet undetermined.

**COUNT IV**
**PATENT NO. 5,542,423**

43. BRI incorporates by reference the allegations set forth in Paragraphs 1 through 42 above as though fully rewritten herein.

44. On August 6, 1996, United States Patent No. 5,542,423 was duly and legally issued to BRI for an invention entitled "Indexing Assembly for Joint Imaging" (the "'423 Patent"). At all relevant times BRI is and was the owner, by way of assignment, of the entire right, title and interest to the '423 Patent, including all rights to recover for all infringements of the '423 Patent. A copy of the '423 Patent is attached hereto as Exhibit D.

45. The '423 Patent is directed to a method and an apparatus for use in imaging the shoulder or hip joint. Certain claims cover the imaging of any joint in the human body, while other claims cover the imaging of only the shoulder joint.

46. Hitachi has been and is infringing the '423 Patent by manufacturing, using and/or selling MRI Units with imaging devices and by manufacturing, using and/or selling imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by the '423 Patent, without the permission of or a license from BRI.

47. Hitachi also has been and is infringing the '423 Patent by contributing to and inducing the infringement by others through the purchases and sales of MRI Units with imaging devices and through the purchases and sales of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, and by contributing to and inducing the infringement by others through the servicing of MRI Units with imaging devices and through the servicing of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by the '423 Patent.

48. In particular, Hitachi has been and is infringing at least claims 1-3, 5, 10, 13-15, 21, 28-30, 32 and 35-39 of the '423 Patent by manufacturing, using and/or selling MRI Units with imaging devices and by manufacturing, using and/or selling imaging devices, whether combined with an MRI Unit or as separate packages, in the United States, which imaging devices are sometimes referred to as "Joint Motion Alternative shoulder devices," "Joint Motion Alternative knee devices," "Joint Motion Alternative ankle devices," "Joint Motion Alternative wrist devices" and "Joint Motion Alternative hip devices" without the permission of or a license from BRI.

49. Hitachi also has been and is infringing at least claims 1-3, 5, 10, 13-15, 21, 28-30, 32 and 35-39 of the '423 Patent by contributing to and inducing the infringement by others through the purchases and sales of MRI Units with imaging devices and through the purchases and sales of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States,

and through the servicing of MRI Units with imaging devices and through the servicing of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by claims 1-3, 5, 10, 13-15, 21, 28-30, 32 and 35-39 of the '423 Patent.

50. Hitachi will continue to infringe the '423 Patent unless enjoined by this Court.

51. BRI has been and continues to be harmed by such infringement in an amount as yet undetermined.

**COUNT V**
**PATENT NO. 5,562,094**

52. BRI incorporates by reference the allegations set forth in Paragraphs 1 through 51 above as though fully rewritten herein.

53. On October 8, 1996, United States Patent No. 5,562,094 was duly and legally issued to BRI for an invention entitled "Sequential Imaging Apparatus" (the "'094 Patent"). At all relevant times BRI is and was the owner, by way of assignment, of the entire right, title and interest to the '094 Patent, including all rights to recover for all infringements of the '094 Patent. A copy of the '094 Patent is attached hereto as Exhibit E.

54. The '094 Patent is directed to a method and apparatus for use in imaging joints in the human body. In particular, claim 1 of the '094 Patent is directed to a method of imaging a knee joint. Claim 1 covers imaging a knee joint when the patient is lying either on his or her back or stomach.

55. Hitachi has been and is infringing the '094 Patent by manufacturing, using and/or selling MRI Units with imaging devices and by manufacturing, using and/or selling imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging

devices embody the invention patented by the '094 Patent, without the permission of or a license from BRI.

56. Hitachi also has been and is infringing the '094 Patent by contributing to and inducing the infringement by others through the purchases and sales of MRI Units with imaging devices and through the purchases and sales of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, and by contributing to and inducing the infringement by others through the servicing of MRI Units with imaging devices and through the servicing of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by the '094 Patent.

57. In particular, Hitachi has been and is infringing at least claim 1 of the '094 Patent by manufacturing, using and/or selling MRI Units with imaging devices and by manufacturing, using and/or selling imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices are sometimes referred to as "Joint Motion Alternative knee devices," without the permission of or a license from BRI.

58. Hitachi also has been and is infringing at least claim 1 of the '094 Patent by contributing to and inducing the infringement by others through the purchases and sales of MRI Units with imaging devices and through the purchases and sales of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, and through the servicing of MRI Units with imaging devices and through the servicing of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by claim 1 of the '094 Patent.

59. Hitachi will continue to infringe the '094 Patent unless enjoined by this Court.

60. BRI has been and continues to be harmed by such infringement in an amount as yet undetermined.

**COUNT VI**
**PATENT NO. 5,577,503**

61. BRI incorporates by reference the allegations set forth in Paragraphs 1 through 60 above as though fully rewritten herein.

62. On November 26, 1996, United States Patent No. 5,577,503 was duly and legally issued to BRI for an invention entitled "Apparatus and Method for Use in Medical Imaging" (the "'503 Patent"). At all relevant times BRI is and was the owner, by way of assignment, of the entire right, title and interest to the '503 Patent, including all rights to recover for all infringements of the '503 Patent. A copy of the '503 Patent is attached hereto as Exhibit F.

63. The '503 Patent is directed to a method and apparatus for use in imaging body parts such as joints using a primary and a secondary coil. The secondary coil is movable with a portion of the patient's body.

64. Hitachi has been and is infringing the '903 Patent by manufacturing, using and/or selling MRI Units with imaging devices and by manufacturing, using and/or selling imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by the '503 Patent, without the permission of or license from BRI.

65. Hitachi also has been and is infringing the '903 Patent by contributing to and inducing the infringement by others through the purchases and sales of MRI Units with imaging devices and through the purchases and sales of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, and by contributing to and inducing the infringement by others

through the servicing of MRI Units with imaging devices and through the servicing of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by the '903 Patent.

66. In particular, Hitachi has been and is infringing at least claims 1, 8, 10, 11, 14, 33-35, 37, 40-46, 52, 53, 59, 60 and 64 of the '903 Patent by manufacturing, using and/or selling MRI Units with imaging devices and by manufacturing, using and/or selling imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices use a movable secondary coil during imaging of a portion of a patient's body and embody the invention patented by the '903 Patent, without the permission of or license from BRI.

67. Hitachi also has been and is infringing at least claims 1, 8, 10, 11, 14, 33-35, 37, 40-46, 52, 53, 59, 60 and 64 of the '903 Patent by contributing to and inducing the infringement by others through the purchases and sales of MRI Units with imaging devices and through the purchases and sales of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by those claims of the '903 Patent, and through the servicing of MRI Units with imaging devices and through the servicing of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by claims 1, 8, 10, 11, 14, 33-35, 37, 40-46, 52, 53, 59, 60 and 64 of the '903 Patent.

68. Hitachi will continue to infringe the '503 Patent unless enjoined by this Court.

69. BRI has been and continues to be harmed by such infringement in an amount as yet undetermined.

**COUNT VII**
**PATENT NO. 5,640,958**

70. BRI incorporates by reference the allegations set forth in Paragraphs 1 through 69 above as though fully rewritten herein.

71. On June 24, 1997, United States Patent No. 5,640,958 was duly and legally issued to Dr. BRI for an invention entitled "Method of Imaging a Patient's Cervical Spine" (the "'958 Patent"). At all relevant times BRI is and was the owner of the entire right, title and interest to the '958 Patent, including all rights to recover for all infringements of the '958 Patent. A copy of the '958 Patent is attached hereto as Exhibit G.

72. The '958 Patent is directed toward a method for use in imaging a patient's cervical spine.

73. Hitachi has been and is infringing the '958 Patent by manufacturing, using and/or selling MRI Units with imaging devices and by manufacturing, using and/or selling imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by the '958, Patent without the permission of or a license from BRI.

74. Hitachi also has been and is infringing the '958 Patent by contributing to and inducing the infringement by others through the purchases and sales of MRI Units with imaging devices and through the purchases and sales of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, and by contributing to and inducing the infringement by others through the servicing of MRI Units with imaging devices and through the servicing of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by the '958 Patent.

75. In particular, Hitachi has been and is infringing at least claims 1-5, 7-13, 15-18, 21-23, 30 and 33-41 of the '958 Patent by manufacturing, using and/or selling MRI Units with imaging devices and by manufacturing, using and/or selling imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices are sometimes referred to as "Joint Motion Alternative cervical spine devices," without the permission of or license from BRI.

76. Hitachi also has been and is infringing at least claims 1-5, 7-13, 15-18, 21-23, 30 and 33-41 of the '958 Patent by contributing to and inducing the infringement by others through the purchases and sales of MRI Units with imaging devices and through the purchases and sales of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, and through the servicing of MRI Units with imaging devices and through the servicing of imaging devices, whether combined with an MRI Unit or as separate devices, in the United States, which imaging devices embody the invention patented by claims 1-5, 7-13, 15-18, 21-23, 30 and 33-41 of the '958 Patent.

77. Hitachi will continue to infringe the '958 Patent unless enjoined by this Court.

78. BRI has been and continues to be harmed by such infringement in an amount as yet undetermined.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bonutti Research, Inc. respectfully demands judgment as follows:

A. A preliminary and permanent injunction against Defendant Hitachi Medical Systems America, Inc.'s continued manufacture, use and/or sale of any method or device embodied by Patent Nos. 5,329,924; 5,343,580; 5,349,956; 5,542,423; 5,562,094; 5,577,503; and/or 5,640,958;

B. A preliminary and permanent injunction prohibiting Hitachi from contributing to or inducing the infringement by others of Patent Nos. 5,329,924; 5,343,580; 5,349,956; 5,542,423; 5,562,094; 5,577,503; and/or 5,640,958, by, among other things, forbidding Hitachi from servicing any MRI Unit, the operation of which with the joint motion devices infringes such patents;

C. An award of damages, including lost profits or reasonable royalties based on Hitachi's sales of its MRI Units facilitated by its sales and/or marketing of the infringing Joint Imaging Devices, pursuant to 35 U.S.C. § 284, for Hitachi's infringement of Patent Nos. 5,329,924; 5,343,580; 5,349,956; 5,542,423; 5,562,094; 5,577,503; and/or 5,640,958;

D. An award of increased damages pursuant to 35 U.S.C. § 284 by up to three times due to Hitachi's knowing and willful disregard for BRI's rights under Patent Nos. 5,329,924; 5,343,500; and 5,349,956;

E. Reasonable attorneys' fee pursuant to 35 U.S.C. § 285;

F. Prejudgment interest pursuant to 35 U.S.C. § 284; and

G. Such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

Michael J. Garvin (390025394)
Jane W. Mastrian (390064577)

3300 BP Tower
200 Public Square
Cleveland, Ohio 44114-2301
(216) 621-0150

Attorneys for Plaintiff Bonutti Research, Inc.

OF COUNSEL:

HAHN LOESER & PARKS LLP

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a jury trial in this case for all issues so triable.

One of the Attorneys for Plaintiff
Bonutti Research, Inc.