RECEIVED JUN 19 1998
at _____ o'clock _____ M
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
AKRON

FILED
98 JUN 17 PM 3: 50
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BONUTTI RESEARCH, INC. | ) | CASE NO. 5:98 CV 771 |
| | ) | |
| | ) | JUDGE GWIN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIFF'S REPLY TO** |
| HITACHI MEDICAL SYSTEMS | ) | **DEFENDANT'S COUNTERCLAIMS** |
| AMERICA, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Bonutti Research, Inc. ("Bonutti Research") for its reply to the Counterclaim of Defendant Hitachi Systems America, Inc. ("Hitachi") states as follows:

1. In reply to Paragraph 88 of Hitachi's Answer and Counterclaim, Bonutti Research incorporates all allegations contained in the Complaint.

2. Bonutti Research admits the allegations in paragraph 89 of the Counterclaim.

3. Bonutti Research admits the allegations in paragraph 90 of the Counterclaim.

4. Paragraphs 91-94, inclusive, require neither admission nor denial because they purport to set forth the legal basis, subject matter jurisdiction, and venue for the action.

5.  Bonutti Research admits the allegations in paragraph 95 of Hitachi's Answer and Counterclaim.

6.  Bonutti Research denies the allegations in paragraphs 96 and 97 of Hitachi's Answer and Counterclaim.

### AFFIRMATIVE DEFENSES

7.  Hitachi has failed in whole or in part to state claims for which relief may be granted.

8.  Hitachi is precluded in whole or in part from bringing its Counterclaim by the unclean hands doctrine.

9.  Hitachi has waived in whole or in part the claims purportedly set forth in its Counterclaim.

10. Hitachi is estopped in whole or in part from bringing the Counterclaim.

11. Bonutti Research expressly reserves the right to add additional affirmative defenses as they become known during discovery.

WHEREFORE, having fully replied to Hitachi's counterclaims, Bonutti Research respectfully requests that judgment be entered in its favor and that it be awarded its costs, attorneys' fees and such further relief as the Court may deem just and equitable.

Respectfully submitted,

OF COUNSEL:

HAHN LOESER & PARKS LLP

*David J. Michalski*

Michael J. Garvin (390025394)
David J. Michalski (390063802)

3300 BP Tower
200 Public Square
Cleveland, Ohio 44114-2301
(216) 621-0150

Attorneys for Plaintiff Bonutti Research, Inc.

CLE - 295941.3

3

## CERTIFICATE OF SERVICE

A copy of the foregoing Plaintiff's Reply to Defendant's Counterclaims has been served by hand delivery upon John T. Wiedemann, Calfee Halter & Griswold LLP, 1400 McDonald Investment Center, 800 Superior Ave., Cleveland, Ohio 44114-2688, and by Federal Express and regular U.S. Mail, postage prepaid, upon Richard A. Mescon, Esq., Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178, Attorneys for Defendant, Hitachi Medical Systems America, Inc., this 17th day of June, 1998.

                                                /s/ David J. Michalski
                                                One of the Attorneys for Plaintiff